### INTERNATIONAL WOOD PROCESSORS, a corporation, Plaintiff,

v.

**POWER DRY, INC., a corporation, Power Dry Patent, Inc., a corporation, Drywood Corporation, a corporation, Compton & Cloer Lumber Company, a corporation, General Wood Processors, Inc., a corporation, European Banking Company Limited, a United Kingdom Company, K.N. Hronopoulos, an individual, Delano Compton, an individual, Arthur J. Crowley, an individual, Defendants.**

Civ. No. 82–2115–14.

United States District Court,
D. South Carolina,
Greenville Division.

June 8, 1984.

Arthur J. Crowley Professional Corporation, Los Angeles, Cal., and Love, Thornton, Arnold & Thomason by Jennings L. Graves, Jr., Greenville, S.C., for defendant Arthur J. Crowley.

Leatherwood, Walker, Todd & Mann by Mark R. Holmes, Greenville, S.C. and Sutherland, Asbill & Brennan by John A. Chandler, Atlanta, Ga., for defendants Power Dry, Inc., Power Dry Patent, Inc., General Wood Processors, Inc., Delano Compton, Compton & Cloer Lumber Co. and European Banking Co. Ltd.

Dority & Flint by Julian W. Dority, Greenville, S.C. and Sedgwick, Detert, Moran & Arnold by Rebecca A. Hull, San Francisco, Cal., for plaintiff.

## OPINION

MacMAHON, District Judge.*

Defendants move for an order granting an unsecured stay of execution of the judgment entered against them on May 10, 1984, pending resolution of their post-trial motions. Fed.R.Civ.P. 62(b). Plaintiff does not oppose a stay but cross-moves for an order requiring certain defendants to post bonds in the amount of the judgment plus interest, and requiring certain other defendants to provide notice prior to any material disposition of corporate assets as a condition of any stay under Fed.R.Civ.P. 62(b).[1]

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Plaintiff would also have us specify which surety companies defendants must utilize. Plaintiff makes no affirmative showing why limiting defendants' choice of surety companies to those on the list submitted by plaintiff is necessary or even reasonable under the circumstances. This aspect of plaintiff's cross-motion is without merit.

Plaintiff also moves that, in the event various defendants fail to post bonds, as an alternative to posting bonds, plaintiff be permitted to register the judgment as liens against defendants' real and personal property in every district where their assets are found. Plaintiff appends to this request a further request for discovery as to the nature and location of defendants' assets.

We find that such relief at this stage would be both extraordinary and premature. Until the

This case was recently tried before a jury which returned a verdict for plaintiff and against all defendants on plaintiff's antitrust claim, 15 U.S.C. § 1. The award on this claim was $900,000; this amount was trebled, 15 U.S.C. § 15, and judgment was entered for $2,700,000 plus interest against all defendants. A separate judgment for $70,000 in punitive damages was entered against defendants Delano Compton, Arthur J. Crowley and European Banking Company, Ltd. ("EBC") on plaintiff's state tort claim for inducing breach of contract.

Defendants have filed extensive motions for judgment notwithstanding the verdict or for a new trial. In essence, these motions present one issue: on what conditions, if any, should a stay pending resolution of defendants' post-trial motions be granted? See Fed.R.Civ.P. 62(b).

■ Defendants contend that no security whatsoever should be required because, they believe, their motions have great merit. This is simply not a basis, however, for denying the judgment creditor any security upon the grant of a stay pursuant to Fed.R.Civ.P. 62(b).

Plaintiff does not oppose a stay provided it is conditioned on defendants posting a bond for security and agreeing to certain notification provisions. Specifically, plaintiff contends that defendants Compton, Crowley and EBC should each post bonds of $3,500,000 and that three additional defendants, Power Dry, Inc. ("PDI"), Power Dry Patent, Inc. ("PDP") and General Wood Processors, Inc. ("GWP") be enjoined from "any material disposition, transfer or encumbrance of their assets, except on 30 days' written notice to plaintiff."

Our starting point on this motion is Fed.R.Civ.P. 62(b) which, in pertinent part, provides:

"In its discretion and on such conditions for the security of the adverse party as

are proper, the court may stay the execution of any proceedings to enforce a judgment pending the disposition of a motion for a new trial or ... of a motion for judgment in accordance with a motion for a directed verdict made pursuant to rule 50...."

Furthermore, "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *Marcelletti & Sons Construction Co. v. Millcreek Township Sewer Authority*, 313 F.Supp. 920, 928 (W.D.Pa.1970); *Van Huss v. Landsberg*, 262 F.Supp. 867, 870 (W.D.Mo.1967).

Thus, if an unsecured stay is to be granted, the burden is on defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical. *Cf. Preston v. Thompson*, 565 F.Supp. 310, 317 (N.D.Ill. 1983) (stay sought pursuant to Fed.R.Civ.P. 62(d)); *Strama v. Peterson*, 537 F.Supp. 668, 670–71 (N.D.Ill.1982); *United States v. Kurtz*, 528 F.Supp. 1113, 1115 (E.D.Pa. 1981) (stay pursuant to Rule 62(d), without bond or other collateral, denied absent showing of reasonable alternatives or extraordinary circumstances); *but cf. Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755 (D.C. Cir.1980) (under Rule 62(d), in "unusual circumstances" court may "order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery").

Defendants have made no showing of their inability to obtain a bond or to provide other adequate security. Nor is it at all apparent from the record or defendants' motion papers that, in the absence of appropriate security, plaintiff will be properly secured against the risk that the judgment debtors will be less able to satisfy the

judgment is "final by appeal or expiration of time for appeal," the judgment may not be registered in other districts. 28 U.S.C. § 1963. *See, e.g., In re Professional Air Traffic Controllers Organization,* 699 F.2d 539 (D.C.Cir.1983). Similarly, discovery at this time under Fed.R.Civ.P.

69(a) is unnecessary and contrary to that rule's terms which clearly predicate such discovery on the actual enforcement of a judgment by execution or otherwise. Thus, plaintiff's request for registration and discovery, at this time, is denied.

judgment subsequent to disposition of the post-trial motions.

■ The risk is aggravated by the fact that most, if not all, of defendants' assets lie outside the district in which the judgment was entered. Therefore, the judgment may not be registered against those assets until, at the earliest, defendants' post-trial motions are disposed of and the time for appeal expires. *See* 28 U.S.C. § 1963. Moreover, in light of defendants' unsupported objection to any security, defendants' complete failure to provide any indication of their financial condition, and the evidence at trial concerning the questionable financial soundness of numerous defendants, there is a realistic basis for concern that the status quo will not be adequately preserved absent appropriate security. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190–91 (5th Cir.1979) (maintaining status quo is purpose of supersedeas bond under Fed.R.Civ.P. 62(d)).

However, although we find that some provision for reasonable security must be made by defendants as a condition for a stay pursuant to Fed.R.Civ.P. 62(b), we find that the terms proposed by plaintiff are unreasonable in light of the purpose of Rule 62(b), the circumstances of this case and common sense.

Rule 62(b) provides only that the district court may condition the stay on the provision of "security of the adverse party as [is] proper." This rule does not further specify what conditions are "proper." The standards of former Fed.R.Civ.P. 73(d), which continue to provide guidance on appropriate security under Fed.R.Civ.P. 62(d) and which required that a supersedeas bond cover, *inter alia,* the whole amount of the judgment, interest and damages for

delay, *see* 39 F.R.D. at 128–29, does not apply to "proper" conditions of security for a stay pending disposition of post-trial motions under Rule 62(b).

Unlike the stay pending appeal under Rule 62(d), a stay pending disposition of a motion for judgment n.o.v. and/or a new trial will generally be resolved in far less time than the lengthy process of briefing, argument and disposition which an appeal entails. Consequently, the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal. It is also significant that prior to an appeal the district court has plenary power to alter, amend or reopen the judgment and grant a new trial or enter a directed verdict.

Finally, those few cases addressing the issue of security under Rule 62(b) indicate some flexibility in assessing adequate security. *See Donellan Jerome, Inc. v. Trylon Metals, Inc.,* 270 F.Supp. 996 (N.D.Ohio 1967); *see also Marcelletti & Sons Construction Co. v. Millcreek Township Sewer Authority, supra; cf. Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n, supra* (supersedeas bond, Rule 62(d)); *Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94 (S.D.N.Y.1970) (supersedeas bond, Rule 62(d)).

We therefore conclude that plaintiff's judgment will be adequately secured during the pendency of defendants' post-trial motions upon the posting of a bond in the nature of a supersedeas bond in the amount of $2,844,700 by defendants Compton, Crowley and EBC.[2] Additionally, defendants PDI, PDP and GWP, in lieu of a bond or other security, will give plaintiff's counsel written notice, hand delivered, seven days prior to any material disposition of

---

**2.** This amount is based on the following calculations:

| | |
|---|---|
| Antitrust Award (trebled) | $2,700,000 |
| Punitive Damages | + 70,000 |
| | 2,770,000 |
| Three Months' Interest at 10.8% per annum (see judgment) | + 74,700 |
| Total | $2,844,700 |

Plaintiff has submitted no proof of the amount of reasonable attorney's fees or costs, 15 U.S.C. § 15. Nor, for that matter, has plaintiff submitted a claim for such expenditures. Therefore, we have no basis to include such amounts in our present computation. We include interest for three months based on a reasonable estimate of the time involved in briefing

assets, specifying the assets involved and the manner of disposition.[3] All parties have noted that defendant Compton & Cloer Lumber Company was dissolved prior to trial. Plaintiff does not oppose an unsecured stay with respect to this defendant; therefore, under these circumstances, no provision for security shall be imposed as a condition to a stay pending disposition of that party's post-trial motions.

Accordingly:

(1) Defendants Compton, Crowley and EBC's motion for a stay pending disposition of their post-trial motions is granted on condition that they post one bond, with joint and several liability, in the amount of $2,844,700 as soon as feasible and in no event later than ten days from the filing of this opinion.

(2) Defendants PDI, PDP and GWP's motion for a stay pending disposition of their post-trial motions is granted upon the notice conditions set forth in the preceding paragraph.

(3) Defendants' motions are denied in all other respects.

(4) Plaintiff's cross-motion for security as a condition for a stay pending disposition of defendants' post-trial motions is granted to the extent set forth *supra*. Plaintiff's motion is denied in all other respects.

So ordered.

---

and disposition of defendants' extensive post-trial motions.

**3.** Plaintiff does not seek either a bond or other form of financial security from these defendants for reasons it has not revealed to the court. However, on the assumption that plaintiff

deems it either unnecessary, impossible or impractical for these defendants to obtain a bond or provide other security, we agree with plaintiff that notice regarding future disposition of assets will adequately protect plaintiff under the circumstances.