In re Charles I. CALISOFF, Debtor.

Sherry CALISOFF, Plaintiff,

v.

Charles I. CALISOFF, Defendant.

Melvyn H. BERKS, Plaintiff,

v.

Charles I. CALISOFF, Defendant.

Owen L. DOSS, Plaintiff,

v.

Charles I. CALISOFF, Defendant.

Bankruptcy No. 87B01192.
Adv. Nos. 87A0275, 87A0276, 87A0471.

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 22, 1988.

James Sprayregen, Lord, Bissell & Brook, Chicago, Ill., for plaintiff Sherry Calisoff.

Arthur Gold, Kaplan, Gold & Gallagher, Chicago, Ill., for debtor Charles Calisoff.

Walter Soroka, Chicago, Ill., for plaintiff Melvyn Berks.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The plaintiffs received an Order and judgment against the defendant/Debtor in this Court on July 1, 1988. 92 B.R. 346. The Order and judgment granted the plaintiffs' motions for summary judgment, held certain of the Debtor's debts non-dischargeable and denied the Debtor his discharge under § 727(a). Within the ten day period provided for by Bankruptcy Rule 9023, the Debtor petitioned this Court to reconsider its July 1st Order and judgment and to issue an Order which continues the automatic stay until the motion for reconsideration has been disposed of and until any appeals are finalized. The plaintiffs claim that the automatic stay was terminated by the July 1st Order and that if the stay is continued, the Debtor must post a bond or other adequate security pursuant to Bankruptcy Rule 7062 and FRCP 62(b). The Court finds that any delay in executing the July 1st Order and judgment will prejudice the plaintiffs and will render satisfaction of the judgment less likely. There-

fore, adequate security must be posted by the Debtor. If such security is not posted by the Debtor, no stay will be imposed.

The debts which were held non-dischargeable by the July 1st Order and judgment arose pursuant to a judgment for dissolution of marriage entered by the Circuit Court of Cook County on June 13, 1986. These debts total approximately $113,200.00 inclusive of interest. This amount includes two obligations on Sherry Calisoff's primary residence which was awarded to her by the divorce court. Both obligations are due within the next three months and Mrs. Calisoff stands to lose her home without satisfaction of the judgment from her ex-husband, the Debtor. The Debtor testified that he is unable to post a bond for the amount of the July 1st judgment since he has no assets and all his income is used to pay necessary personal and business expenses. He also argued that failure to continue the stay would allow the plaintiffs to contact the clients of his law practice which would irreparably damage his ability to make a living.

■ Federal Rule of Civil Procedure 62, made applicable to the bankruptcy adversary proceedings through Bankruptcy Rule 7062, provides that the Bankruptcy Court may in its discretion continue the automatic stay pending appeal or post trial motions. Rule 62 also provides for security of the party adverse to continuation of the stay. Imposition of the bond or other security is not expressly mandatory under FRCP 62. However, there is a strong policy against extending the stay without providing security to the adverse party. "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for a new trial." *International Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C.1984), *aff'd*, 792 F.2d 416 (4th Cir.1986), quoting *Marcelletti & Son Construction Co. v. Millcreek Township Sewer Authority*, 313 F.Supp. 920, 928 (W.D.Pa.1970). Any continuation of the stay without security must be accompanied by the judgment debtor's demonstration that the judgment creditors will not be harmed and that adequate security is impossible or impractical to obtain. 102 F.R.D. at 214.

■ Absent such a showing by the judgment debtor, the question then becomes what standard should control the Court's decision to set the bond or other security. If the judgment creditors will be less able to satisfy their judgment after the Debtor's motion for reconsideration is decided then the Court should either decline to continue the stay or should require some security from the judgment debtor. 102 F.R.D. at 214. On the other hand, any potential prejudice to the judgment debtor or his inability to provide security must be balanced against concerns of the judgment creditors. *Id.*

In *International Wood Processors, supra*, the defendants moved for an unsecured stay of execution of the antitrust judgment entered against them pending resolution of their motion for new trial. The victorious plaintiffs claimed that any stay must be accompanied by a supersedeas bond equal to three times the judgment amount. The Court considered evidence of the defendant's financial condition and found that the defendant was able to provide security. Nevertheless, the Court found the defendant's financial condition was precarious and any unsecured stay of execution of the judgment would render the plaintiffs less able to satisfy their judgment. The Court was left to decide what security was "proper" under FRCP 62(b). Since the defendant's motion for a new trial would be resolved in far less time than an appeal, the Court felt that the potential damage to the plaintiffs was diminished and therefore the security required would not be as severe as that required for an appeal. Still, the Court required a bond equal to the judgment amount and restricted the judgment debtor's ability to dispose of its assets. The Court stressed the flexibility it had in fixing the security under FRCP 62(b). 102 F.R.D. at 215.

The Court's flexibility in staying the execution of its judgment and providing security for the adverse party is illustrated by two cases. First, the Court in *Donellan Jerome, Inc. v. Trylon Metals, Inc.*, 270

F.Supp. 996 (N.D.Oh.1967) stayed execution of the judgment pending disposition of the judgment debtor's post-trial motion provided that the judgment debtor posted a bond in the amount of twice the judgment with interest and costs. The Court gave no rationale for its decision other than its apparent concern that the judgment would otherwise not be satisfied. At the other end of the spectrum is *Federal Prescription Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755 (D.C. Cir.1980). There, the Court of Appeals held that the District Court did not abuse its discretion by granting an unsecured stay of execution. The judgment debtor had a net worth equal to 47 times the judgment amount. The judgment debtor was also a long time resident of the district and there was no indication that the judgment debtor would be less likely or able to satisfy the judgment after resolution of its post-trial motion. The Court stated that a stay of execution operates for the benefit of the judgment debtor and therefore a full bond should be required as a condition of the stay if there is a reasonable likelihood that the judgment debtor will be unable or unwilling to satisfy the judgment and where posting the security is practicable. 636 F.2d at 759. In addition, the Court stated that partial security or no security is justified only where satisfaction of a judgment is not endangered by the stay. *Id.* Finally, the Court held that the judgment debtor will be granted a stay of execution as a matter of right only if full security is posted. *Id; Accord In re Swift Aire Lines, Inc.*, 21 B.R. 12 (BAP 9th Cir.1982) (judgment debtor's motion to continue the stay arose under FRCP 62(d)).

The relevant factors to be considered by the Court therefore include: 1) the financial condition of the judgment debtor, 2) the likelihood and degree of harm to the judgment debtor if execution of the judgment is not stayed, 3) the likelihood and degree of harm to the judgment creditor if execution of the judgment is stayed, 4) whether the judgment debtor will be less likely or able to satisfy the judgment after resolution of its post trial motion, and 5) the availability of alternate means of security.

■ Applying the Rule 62(b) standard, Mr. Calisoff's motion to stay execution of the July 1, 1988 judgment should be denied unless adequate security is provided. Mr. Calisoff's financial status is precarious to say the least. There is a strong likelihood that he will be unable to satisfy the judgment after disposition of his motion to reconsider. Given Mr. Calisoff's hand to mouth fiscal practices, alternate means of security seem unavailable. Additionally, two of Mrs. Calisoff's obligations are due within the next 3 months. She risks forfeiture of her home unless proceedings to collect the judgment are instituted in the very near future. However, the security need not cover more than the principal amounts of the underlying judgments. Given Mr. Calisoff's apparent lack of assets, even a limited bond will prevent the plaintiffs from being harmed by the stay, which will be of short duration.

The Court, however, is cognizant of the potential harm to Mr. Calisoff's livelihood if no stay is imposed. The relationship between a lawyer and his client is one of trust and confidence. A client who has been required in a collection proceedings to pay fees owing the lawyer to the lawyer's creditors cannot seriously be expected to continue that relationship for very long. Mr. Calisoff's practice would likely be seriously damaged by such circumstances, and that damage could not be remedied, should this Court eventually grant Mr. Calisoff's motion for reconsideration. On the other hand, that motion will be decided in only a matter of weeks, and in the meantime either Mr. Calisoff will post bonds or the plaintiffs will be able to search for other assets. The plaintiffs, therefore, will not seriously be prejudiced by a partial stay.

Accordingly, Orders will be entered requiring Mr. Calisoff to post bonds in the amount of $48,257.51 for the judgment in favor of Sherry Calisoff, $30,000 for the judgment in favor of Mr. Berks and $7,500 for the judgment in favor of Mr. Doss as conditions to the stay of the effect of this Court's July 1st Order and continuation of the automatic stay against collection of the underlying debts pending resolution of Mr.

Calisoff's motion for reconsideration. If the bonds are not posted within ten days from the entry of this memorandum opinion, the plaintiffs will be permitted to proceed with efforts to satisfy their judgments. In any event, the plaintiffs will be enjoined from contacting the present or future clients of Mr. Calisoff's law practice until resolution of the motion for reconsideration. A separate Order will be entered in each of the three adversary proceedings.