797 F.Supp. 740 (1992)
CONOPCO, INC., d/b/a Chesebrough-Pond's USA Co., Plaintiff,
v.
MAY DEPARTMENT STORES COMPANY, Venture Stores, Inc., the Benjamin Ansehl Company, and Kessler Containers Ltd., Defendants.
No. 90-1475C(3).
United States District Court, E.D. Missouri, E.D.
May 26, 1992.
*741 Edward J. Hejlek, Senninger, Powers, Leavitt & Roedel, St. Louis, Mo., for Venture & May Dept. and The Benjamin Ansehl Co. & Kessler Containers Ltd.
J.W. Gipple, Gipple & Hale, Washington, D.C.
Stephen J. Horace, St. Louis, Mo., for The May Dept. Stores Co.
*742 Ralph W. Kalish, Jr., Kalish & Gilster, St. Louis, for Venture Stores.
Jerome C. Simon, Moser & Marsalek, St. Louis, Mo., for Kessler Containers Ltd.
David M. Harris, Greensfelder, Hemker & Gale, St. Louis, Mo.
Joseph Diamante, Berj A. Terzian, Pennie & Edmonds, New York City, Harry O. Moline, Moline, Ottsen, Mauze, Leggat & Shostak, St. Louis, Mo., for Conopco, Inc.
Mary M. Bonacorsi, Thompson & Mitchell, St. Louis, Mo.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on various post-trial motions.
Defendant The Benjamin Ansehl Company ("Ansehl") moves the Court to amend the judgment entered on January 2, 1992, or in the alternative to order a new trial on certain issues. Ansehl requests oral argument on its motions.
Defendant Kessler Containers, Ltd. ("Kessler") moves the Court to set aside the judgment, findings of fact, and conclusions of law in favor of plaintiff and against Kessler, or in the alternative for a new trial on all issues. Kessler also seeks a stay of execution pending disposition of its motion to amend, and pending notice of appeal, if necessary. Kessler also requests oral argument in support of its motion to amend.
Defendant Venture Stores, Inc. ("Venture") moves to amend and alter the findings, conclusions, and judgment in this cause to remove any determination that Venture is a joint tortfeasor with Ansehl for patent infringement. Venture also requests a stay of execution of the judgment.
Defendant May Department Stores Company ("May") seeks amendment or alteration of the Court's findings, conclusions, and judgment, and also moves for a stay of execution.
Plaintiff Conopco, Inc., d/b/a Chesebrough-Pond's USA Co. ("Conopco") moves for correction of judgment and opposes all defendants' post-trial motions.
Pursuant to Fed.R.Civ.P. 60(a), Conopco seeks to amend this Court's judgment and memorandum entered on January 2, 1992, 784 F.Supp. 648, in order to correct a clerical error. Specifically, Conopco notes that in paragraph 114 of the Court's findings of fact, there is a reference to the secondary meaning survey performed under the supervision and control of Conopco's expert, Dr. Jacob Jacoby. In line 12 of paragraph 114, it is stated: "The study was nondesigned and conducted according to the guidelines articulated in the Manual for Complex Litigation." (emphasis added.) Conopco attaches to its motion a copy of Dr. Jacoby's survey which states: "The study was designed...." (emphasis added.) In light of this clerical error, the Court will amend paragraph 114 of the findings of fact at page 29 of the memorandum filed on January 2, 1992, to delete the word "nondesigned" and replace it with the word "designed."
Defendant Kessler seeks to alter or amend the judgment, or in the alternative for a new trial on all issues. Generally, Kessler asserts that the Court erred in holding Kessler liable for trademark and trade dress infringement because Kessler was not a knowing, intentional, or contributing infringer. Kessler contends that it should not be held liable under Count II of Conopco's complaint because it was not named in Count II and no evidence was adduced at trial that established Kessler's status as a contributory infringer. Kessler argues that the Court erred in its assessment of the amount of Kessler's liability, and in awarding plaintiff's damages based on Kessler's proven gross sales.
Conopco responds that, prior to trial, Kessler stipulated to facts necessary to establish its liability for trademark and trade dress infringement. Based on said stipulations, the Court concluded that "there is no question that Kessler knowingly and purposely aided, induced and contributed to trademark and trade dress infringement." (Conclusions of Law ¶ 105). The Court also found that Kessler enjoyed rewards and financial gain after having actual knowledge of Conopco's claims. See *743 Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 854-55, 102 S.Ct. 2182, 2188-89, 72 L.Ed.2d 606 (1982). Kessler fails to establish any basis sufficient to reverse or amend this Court's finding that Kessler is a contributory infringer and is jointly and severally liable to plaintiff.
Kessler contends first that, through the time of trial, it was never named as a defendant under Count II of plaintiff's complaint, which sought trademark infringement damages solely against May, Venture, and Ansehl. In support of its contention, Kessler cites Klugh v. United States, 620 F.Supp. 892 (D.S.C.1985), for the proposition that "claims that have not been pleaded ... may not be the basis of recovery." Klugh at 900.
Kessler's argument is misplaced. The claim of trademark infringement was pleaded by Conopco. At issue is the fact that Kessler was not named. Klugh addresses the sufficiency of pleadings under the federal rules. The court stated that the function of the complaint is "to put the defendant on notice of the incident out of which the cause of action arose." Roberts v. Acres, 495 F.2d 57 (7th Cir.1974); Klugh, supra at 900. The Court finds that Kessler, a named defendant in the complaint, was put on notice as to the incident out of which the cause of action arose based on its inclusion in Count III for trade dress infringement. The trademark and trade dress infringement claims were both based on the same underlying facts.
Under such circumstances, the Court may hold Kessler liable under both Counts II and III of the complaint. See Webb v. Hiykel, 713 F.2d 405, 408 (8th Cir.1983). Webb involves joint tortfeasors in a civil rights action. The Eighth Circuit Court of Appeals granted plaintiff relief with respect to a defendant, even though the plaintiff had not specifically pled a theory of recovery as to that defendant. The court stated that "the record shows [plaintiff] presented the ... theory with regard to other defendants. They cannot now claim prejudice due to application of this theory to another defendant.... Finally, the allegations of the pleadings were sufficiently broad to notify [the previously unnamed defendant] that he could be held responsible for acting `in concert' with other [defendants]." Id. As noted above, this Court found that Kessler was a contributory infringer. Accordingly, Kessler's contentions with respect to liability under Count II are rejected.
The Court similarly rejects Kessler's assertions with respect to the Court's assessment of damages. The Court found that all of the defendants willfully and intentionally infringed the VASELINE and INTENSIVE CARE trademarks, and assessed treble damages against the infringing defendants. As a joint tortfeasor, Kessler is jointly and severally liable to plaintiff for all damages suffered as a result of defendants' infringing acts. See Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1023 (9th Cir.1985), cert. denied, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986).
Additionally, the Court was within its discretion in awarding damages in the amount of $115,632 based on Kessler's gross sales of infringing bottles. After reviewing the evidence presented at trial and the parties' proposed post-trial findings of fact and conclusions of law, the Court based its damage award on gross sales rather than an award based on profits alone, as Kessler advocates. Such a determination is fully within the Court's discretion. See Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132 (9th Cir.1986). Accordingly, Kessler's motion to alter or amend the judgment, or alternatively for a new trial, is denied. Kessler's request for oral argument on its motion is denied as well.
Venture's motion to amend and alter the Court's findings, conclusions, and judgment contends that Venture should not be held jointly and severally liable on Count I of Conopco's complaint because there is no finding or conclusion that Venture shared in Ansehl's profits or acted as an agent of Ansehl with respect to Ansehl's infringing activities. Specifically, Venture argues that (1) manufacturers and retailers should only be jointly and severally liable *744 when they share profits through an agency relationship; and (2) patent infringement is not an indivisible injury. Conopco responds that Venture's arguments contradict the record evidence and misconstrue the underlying principle of joint and several liability.
The Court listed numerous findings of fact which established that Venture worked closely with Ansehl in developing the infringing lotion product. (See Findings of Fact Nos. 71, 72, 73, 118, 130, 134, 135, 136). In its reply memorandum in support of its motion to amend, Venture asserts that Conopco is attempting to "lump all three of its separate claims (patent infringement, trademark infringement, and trade dress infringement) together so as to bootstrap this Court's findings on trademark infringement and trade dress infringement as support for the preposterous claim that Venture was `involved in the development and production' of the patented lotion." Venture is correct insofar as the Court did not find that Venture created the actual lotion formula. However, the Venture lotion product includes the infringing lotion and the infringing packaging. The result is a single product which caused the injury to Conopco.
Venture contends that the imposition of joint and several liability on a retailer, like Venture, for the infringing acts of a manufacturer, like Ansehl, is inconsistent with damage theories for patent infringement and the general notion of joint and several liability. Venture correctly notes that joint and several liability is only appropriate where several persons combine to produce "a single and indivisible harm." United States v. Monsanto Co., 858 F.2d 160, 172 (4th Cir.1988). However, Venture seeks to establish that in the present case, the conduct of the various defendants can be quantified and apportioned with respect to each defendant, and therefore joint and several liability should not be imposed. The Court disagrees.
Patent infringement causes an indivisible harm to the patent owners. Water Technologies Corp. v. Calco, Ltd., 850 F.2d 660 (Fed.Cir.1988), cert. denied, 488 U.S. 968, 109 S.Ct. 498, 102 L.Ed.2d 534 (1988) (holding both defendants jointly liable for all damages caused by patent infringement); see also RCA/Ariola Int'l, Inc. v. Bel-Aire Pharmacy, Inc., 845 F.2d 773 (8th Cir.1988) (holding manufacturers and retailers jointly and severally liable for copyright infringement). Venture's reliance on Monsanto, supra, as authority for its argument that the Court erred in imposing joint and several liability is misplaced. In Monsanto, the court found the harm caused by defendants was a "single harm" and liability could not be apportioned among the defendants. The court stated:
making the [plaintiff] whole for its [damage] was the primary consideration and ... cost allocation was a matter more appropriately considered in an action for contribution between the responsible parties after plaintiff has been made whole.
In the present case, it is the Court's intention that Conopco be made whole for its injuries caused by defendants' joint conduct. Defendants are able to bring subsequent actions for contribution among themselves, if deemed appropriate. Accordingly, Venture's motion to amend and alter will be denied.
Defendant May's motion to amend and alter incorporates the arguments set forth in the motions to amend and alter filed on behalf of the other defendants, in particular the motion and memorandum of Venture. May also reiterates arguments raised in this action in at least eight pleadings previously filed. Accordingly, May's motion to amend and alter will also be denied.
Defendant Ansehl's motion to amend and alter the judgment proposes thirty amendments, seeks a new trial on various collateral issues, and requests reversal of the judgment in its entirety and replacement of the judgment with defendants' proposed findings of fact and conclusions of law, filed October 9, 1991.
Ansehl seeks, inter alia, to amend the Court's judgment to reflect that the Court's finding of trade dress and trademark infringement applies only to the skin *745 care lotion product prepared by Ansehl for Venture. In particular, Ansehl seeks an amendment of the Court's injunctive language in order to prevent the injunction from (on its face) extending to persons or entities that cannot, as a matter of law, be bound thereby.
Conopco responds by noting correctly that the Court assessed damages against the defendants for trademark and trade dress infringement based only on Ansehl's infringing sales to Venture. (See Conclusions of Law Nos. 100-102.) The injunction applies to each of the defendants, their suppliers, officers, agents, servants, employees, and attorneys, and those persons in active concert, privity or participation with them, or any of them, or any of their successors or assigns. Paragraphs 1-5 of the judgment specifically list the prohibitions of the injunction.
A willful infringer must be enjoined from using not only the original infringing trade dress, but also from using any trade dress in the future which retains part of the misappropriated goodwill from the plaintiff. Chevron Chemical Co. v. Voluntary Purchasing Groups, 659 F.2d 695, 705 (5th Cir.1981). In the present case, the Court's intention is to enjoin defendants from copying the VASELINE INTENSIVE CARE trade dress. Fed.R.Civ.P. 65(d) does not require an exhaustive recitation of every conceivable permutation of Conopco's trademark, trade dress, "compare to" statement and disclaimer that is subject to the injunction. See Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1431-32 (7th Cir.1985). The Court will not restrict the injunction in such a way that defendants may make slight revisions to infringing products and elude the spirit of the injunction. Neither will the Court restrict the injunction language to include only the named defendants. By binding those in privity with party-defendants, the scope of a decree cannot be obviated merely by carrying out prohibitive acts through nonparties such as aiders and abettors and successors and assigns. Chanel Indus., Inc. v. Pierre Marche, Inc., 199 F.Supp. 748, 753 (E.D.Mo.1961). Accordingly, Ansehl's proposed amendments to the injunctive language of the judgment and the proposed restrictive amendments to language throughout the Court's memorandum will be denied.
Ansehl seeks further amendments with respect to that part of the judgment directing defendants to recall certain items and deliver them up to the Court for destruction. Specifically, Ansehl is concerned with plates used to print labels and bottle molds. See Affidavit of W. Lynton Edwards, III.
Counsel for the parties have discussed Ansehl's modification of plates and the use of "over-labels" which are non-infringing. Conopco has given its approval to these modifications in lieu of demanding the destruction of (1) plates used to print infringing labels, and (2) non-infringing bottles bearing infringing labels. Conopco maintains, however, that the models used to produce the infringing bottles which were the subject of the suit should be delivered to the Court for destruction. In light of the parties' agreement, the Court will not amend its judgment with respect to these issues.
Finally, Ansehl seeks to amend the Court's computation of prejudgment interest on the actual damages amount. Specifically, Ansehl seeks clarifying language stating the appropriate computation of prejudgment interest and indicating that the interest is to run only as to actual damages and not as to the enhanced portion of the damage award. Ansehl contends that, because damages had not accrued on the dates that the Court chose to begin the running of interest, it is necessary to apportion damages  and calculate interest  over the entire damage period. Ansehl's motion is supported by the affidavit of Mr. Ed J. Lynch of Price Waterhouse setting forth prejudgment interest calculations. Mr. Lynch's calculations of interest based on the patent damages assumes damages accruing evenly throughout the period of infringement from July 1990 through February 1991. That calculation results in $89,909.21 in prejudgment interest at a 10% rate. The calculations based on trade dress damages are based on the damage *746 period of December 16, 1989, to the date of judgment, assuming an even amount of damages incurred monthly during that period. That calculation results in $17,951.01 in prejudgment interest at a 10.5% rate. The dates and interest rates employed by Mr. Lynch are those set forth in the Court's judgment.
Conopco does not oppose the calculation of interest based on the amount of actual damages and assuming an even amount of damages incurred monthly during the damage periods. (See plaintiff's memorandum in response to May's motion to stay). However, Conopco seeks compounded prejudgment interest rather than simple interest.
The Court's judgment did not order that the prejudgment interest be compounded, and Conopco's request for compounded interest could be construed as a motion to amend. The Court accepts Ansehl's calculations with respect to prejudgment interest, and said interest will not be compounded. Accordingly, the Court will amend that part of the judgment awarding prejudgment interest to reflect Ansehl's calculations.
Defendants May, Venture, and Kessler move to stay execution of, or any proceedings to enforce, judgment. Conopco responds that it is not opposed to a stay of execution, provided that defendants post a bond securing the amount of the judgment. Conopco addresses defendants' motions as motions for a stay pending the disposition of defendants' other post-trial motions. Defendants, however, seek a stay pending the appeal of this matter.
The Court will grant defendants' motions to stay execution of, or any proceedings to enforce, the judgment. The stay shall apply pending the appeal in this matter. In order for Conopco fully to be secured during the Court's adjudication of Conopco's motion for attorney's fees and expenses and pending any subsequent appeal in this matter, defendants shall post a supersedeas bond.
The Court's judgment awarded Conopco total damages in the amount of $2,679,201.00 from defendants May, Ansehl, and Venture on Counts I, II, and III; and $281,622.00 from defendant Kessler on Counts II and III. Defendants are jointly and severally liable. The Court also awarded Conopco prejudgment interest. In the discussion above, the Court has determined the total amount of prejudgment interest with respect to all defendants and on all claims to be $107,860.22. In addition, 28 U.S.C. § 1961 authorizes the Court to award post-judgment interest from January 2, 1992, until the date of final payment on the judgment. Still before the Court is Conopco's request for attorney's fees and expenses in which Conopco seeks a total of $2,006,572.68. Based on these figures (with the exception of the Court's reduced amount of non-compounded prejudgment interest), Conopco suggests that defendants post a supersedeas bond in the amount of $5 million. The Court finds this to be a reasonable amount to secure Conopco's interest in the judgment.
Conopco requests that defendants provide Conopco ten days' notice prior to any material disposition of corporate assets as a condition of any stay. In light of the posting of a bond by defendants, such a condition is unnecessary. See International Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214-15 (D.S.C.1984).

ORDER
A memorandum dated this day is hereby incorporated into and made a part of this order.
IT IS HEREBY ORDERED that plaintiff's motion for correction of judgment is granted.
IT IS HEREBY FURTHER ORDERED that in line 12 of paragraph 114 on page 29 of the Court's memorandum filed January 2, 1992, 784 F.Supp. 648, the word "nondesigned" shall be deleted and replaced by the word "designed."
IT IS HEREBY FURTHER ORDERED that the separate motion of defendant Kessler Containers, Ltd., to alter or amend the judgment, or in the alternative for a new trial on all issues, is denied.
*747 IT IS HEREBY FURTHER ORDERED that the motion of defendant Venture Stores, Inc., to amend and alter the Court's findings, conclusions, and judgment is denied.
IT IS HEREBY FURTHER ORDERED that the motion of defendant The May Department Stores Company to amend and alter the Court's findings, conclusions, and judgment is denied.
IT IS HEREBY FURTHER ORDERED that the motion of defendant The Benjamin Ansehl Co. to amend judgment, or in the alternative for a new trial, is granted in part and denied in part. Ansehl's motion is granted with respect to the Court's computation of prejudgment interest. The last paragraph beginning on page 4 and carrying over to page 5 of the Court's judgment of January 2, 1992, is amended to read as follows:
IT IS HEREBY FURTHER ORDERED that plaintiff recover prejudgment interest with respect to the actual patent infringement damages based on an even accrual of damages throughout the period of infringement from July 3, 1990, through February 1991, and employing the prime rate of interest as of July 3, 1990 (10%), for a total of $89,909.21. Plaintiff shall also recover prejudgment interest with respect to trademark and trade dress damages based on the damage period of December 16, 1989, through the date of judgment, assuming an even amount of damages incurred monthly and employing the prime rate of interest as of December 16, 1989 (10-½%), for a total of $17,951.01.
Ansehl's motion to alter and amend, or in the alternative for a new trial, is denied in all other respects.
IT IS HEREBY FURTHER ORDERED that the motion of defendants May, Venture, and Kessler to stay execution of, or any proceedings to enforce, judgment is granted as to all defendants provided that within ten days of this date, defendants shall file with the Court a supersedeas bond in the amount of $5,000,000.00 in order to secure plaintiff's interest in the judgment pending any appeal in this matter.
IT IS HEREBY FURTHER ORDERED that the motions of defendants Ansehl and Kessler for oral argument on their motions to alter and amend are denied.