**Alfred M. FRANKEL, et ano., Plaintiffs,**

v.

**ICD HOLDINGS S.A., et al., Defendants.**

No. 96 Civ. 1141 (LAK).

United States District Court, S.D. New York.

June 26, 1996.

Ira S. Sacks, Alex Lipman, Fried, Frank, Harris, Shriver & Jacobson, New York City, for Plaintiffs.

Robert A. Weiner, New York City, Y. David Scharf, McDermott, Will & Emery, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendants Dirk de Geus and Peter Loeffelhardt (the "Guarantors") have moved for reargument of this Court's decision, dated June 10, 1996, granting plaintiffs' motion for summary judgment or to modify and vacate, pursuant to Rule 60(b), so much of the judgment as granted summary judgment against them on the ground of evidence which they allege to have been newly discovered. The Guarantors and defendant ICD Holdings S.A. ("Holdings") have moved also, pursuant to Rules 62(b) and 62(h), to stay enforcement of the judgment pending determination of (i) the motion to reargue or vacate and (ii) their subsequently filed action against plaintiffs for breach of contract and fraud, which now is pending before this Court. Upon the presentation of defendants' proposed order to show cause, and after hearing argument from both sides, the Court denied the stay motion of Holdings in its entirety, granted the stay motion of the Guarantors in part, and established a schedule for briefing the motion. This memorandum briefly amplifies the reasons given on the record for the disposition of the stay motion.

### The Prior Decision

In *Frankel v. ICD Holdings S.A.*, 930 F.Supp. 54 (S.D.N.Y.1996), this Court granted plaintiffs' motion for summary judgment against Holdings on the Notes it executed, holding *inter alia* that the Notes waived the defense of fraud in the inducement interposed by the defendants. It held also that the Guarantees executed by the Guarantors did not waive the fraud defense, but nevertheless granted summary judgment for plaintiffs on the Guarantees because the Guarantors had failed to raise a genuine issue of material fact in support of their claim of fraud.

*Holdings' Motion*

■ Although Holdings does not concede the correctness of the Court's prior decision, its present motion does not seek reargument or to vacate the judgment against it. In consequence, there is no basis for staying the enforcement of the judgment against Holdings pursuant to Rule 62(b). The sole basis for Holdings' stay application is Rule 62(h), which gives the Court discretion to stay enforcement of a judgment, upon terms, pending the entry of a subsequent judgment.[1] In essence, Holdings argues that plaintiffs should be precluded from enforcing their judgment on the Notes because Holdings may eventually recover against plaintiffs in its subsequently filed action. The argument is entirely unpersuasive.

It is clear from the terms of the Purchase Agreement and the Notes that Holdings bargained away any claim it otherwise might have had to retain or avoid paying a disputed sum pending resolution of the dispute. *Frankel,* 930 F.Supp. at 60–63. By waiving defenses to the Notes, it effectively agreed that plaintiffs would be entitled to collect on the Notes notwithstanding any claim or defense that Holdings might have, leaving Holdings to its remedy in an independent action. To grant the stay sought by Holdings would be to rewrite the bargain the parties made.

Even putting this consideration aside, the factors that traditionally inform the exercise of a court's discretion with respect to the issuance or denial of a stay—likelihood of success, the threat of irreparable harm to either side, and the public interest[2]—independently warrant denial of Holdings' application.

Holdings has no possibility of success before this Court and, in this Court's judgment, little chance of success on appeal with re-spect to the grant of summary judgment against it on the Notes. In view of the fact that this Court has granted summary judgment against the Guarantors on their fraud defense, the likelihood that Holdings will prevail in the subsequently filed action, which asserts substantially the same claim as that already rejected, cannot be rated as high.

Holdings argues that plaintiffs may dissipate or hide the proceeds of their judgment if they are permitted to collect. Hence, it contends that it might be rendered unable to collect if it prevails in its independent action and proves that it overpaid plaintiffs for the business. The difficulties with the argument, however, are twofold. First, there has been no showing that plaintiffs are likely to do any such thing. Indeed, the record establishes that they voluntarily refunded $1.5 million to Holdings that they inadvertently collected as the result of an arithmetic error. Second, whatever may be said of the plaintiffs applies equally or, indeed, with greater force, to Holdings. Both sides are sophisticated parties, accustomed to dealing in large sums on an international scale. Each side is well equipped, if so minded, to place assets beyond the effective power of this Court and perhaps beyond the ability of its adversary to reach. The principal difference between the two sides is that plaintiffs are American citizens resident here while Holdings is a foreign corporation. All things considered, the risk of harm to plaintiffs from issuance of an unsecured stay—specifically, the risk that Holdings would take irremediable steps that later would make enforcement of the judgment difficult or impossible—is marginally greater than the risk that Holdings would be prejudiced by the entry of a stay.

Accordingly, the Court has denied Holdings' application for a stay in its entirety. Holdings of course has the right to a stay

---

1. There is, indeed, substantial doubt as to whether Rule 62(h) has any bearing here. It authorizes a stay where a partial judgment is made final pursuant to Rule 54(b) pending the entry of a further judgment. The Rule thus appears to authorize a stay only pending further proceedings in the case in which the stay is sought, not a stay pending the resolution of a different action. *See In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 442 (1st Cir.1972). As the matter has been disposed of on other grounds, it is unnecessary to resolve this point.

2. *See, e.g., River Oaks Marine, Inc. v. Town of Grand Island,* No. 89–CV–10165, 1992 WL 406813 at *2 (W.D.N.Y. Dec. 10, 1992) (Rule 62(b)); *Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau,* 702 F.Supp. 60, 65 (S.D.N.Y. 1988) (stay pending appeal).

pending appeal upon the posting of a supersedeas bond. In addition, the Court would consider an application for a stay pending appeal on the basis of an alternate form of security.

### The Guarantors' Motion

■ The Guarantors' application differs from that of Holdings in two principal respects. First, in view of the Court's holding that the Guarantors did not waive the defense of fraud in the inducement, the Guarantors cannot be said to have bargained away the right to interim possession of disputed funds. Second, as the Guarantors have a pending motion for relief from the judgment against them, their motion is properly considered under Rule 62(b) as well as Rule 62(h). Nevertheless, many of the considerations relevant to the disposition of Holdings' motion are applicable to that of the Guarantors as well.

The Guarantors cannot be said to lack *any* possibility of success on the pending motion for relief from the judgment. Enough has been put forward so that the Court is not prepared to deny the motion out of hand, although this is not intended to suggest any view on the ultimate disposition of the motion. For the reasons expressed above, the risk of irreparable harm to the plaintiffs from the issuance of a stay, at least absent security, somewhat outweighs the risk to the Guarantors from its denial. As in the case of Holdings' motion, the public interest is not implicated by this application in any material way.

■ There is an additional consideration pertinent here. Judge McMahon indicated in *International Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C.1984), that a party seeking an unsecured stay pursuant to Rule 62(b) bears the burden of demonstrating that it is impossible or impractical for the movant to post security. *See also McGrath v. Murgolo*, No. CV87–0639 (RJD), 1988 WL 8658 (E.D.N.Y. Jan. 25, 1988). While it is not necessary here to determine whether such a showing is a *sine qua non* of relief under Rule 62(b), this Court agrees at least to the extent that a court faced with such an application ought to consider the justification offered for granting a stay absent security as well as the movant's financial position.

The Guarantors have come forward with no such showing. There is no information before the Court concerning their financial situations save that they bought the company here at issue in a management buyout for approximately $70 million. There is no showing that they are unable to provide any security.

Considering all of these factors, the Court has concluded that any stay in favor of the Guarantors should be conditioned upon the securing of the judgment against them. Accordingly, it stayed enforcement of the judgment until 3 p.m., New York time, on Friday, June 28, 1996. The stay thereafter will continue pending the hearing and determination of the Guarantors' motion if, but only if, at or before that time, Holdings, de Geus and/or Loeffelhardt (i) post a bond with sufficient surety for 110 percent of the principal amount of the judgment or (ii) the Court has entered an order approving an alternate form of security. The unsecured stay until June 28 is intended only to afford defendants an opportunity to make the necessary financial arrangements.

The parties have been directed to submit an order for the Court's approval.

SO ORDERED.