**John W. HARRIS, Plaintiff,**

**v.**

**Timothy BUTLER, William Mays, Robert Rivera, And Salvatore Minutella, Defendants.**

**No. 91 CIV. 6352(SAS).**

United States District Court, S.D. New York.

April 9, 1997.

**62**

Harriet B. Rosen, New York City, for Plaintiff.

Pamela H. Schwager, Dienst & Serrins, New York City, for Defendants.

*OPINION AND ORDER*

SCHEINDLIN, District Judge.

## I. Introduction

Plaintiff filed this § 1983 action *pro se* on September 4, 1991 against defendant Timothy Butler. On March 7, 1994, plaintiff filed an Amended Complaint in which he named defendants William Mays, Robert Rivera and Salvatore Minutella. As defendants Butler and Mays failed to plead or otherwise defend themselves as required by the Federal Rules of Civil Procedure, default judgments were entered against them on September 5, 1996. I denied defendants' motion to vacate the default judgments, and awarded plaintiff $40,000 in damages. *See Harris v. Butler et al.*, No. 91 Civ. 6352, 1997 WL 79823 (S.D.N.Y. Feb.25, 1997) (the "February 25 Opinion and Order"). Plaintiff now moves for the award of attorney's fees pursuant to 42 U.S.C. § 1988, and defendants move pursuant to Rule 62(d) of the Federal Rules of Civil Procedure to stay the execution of the default judgments entered against them. For the reasons set forth below, plaintiff is granted leave to withdraw his motion without prejudice, and defendants' motion is denied.

## II. Plaintiff's Motion for Attorney's Fees

On April 1, 1997, plaintiff requested leave to withdraw his motion for attorney's fees without prejudice. Defendants do not oppose this request. Because the withdrawal of plaintiff's motion will not prejudice any party, plaintiff's request to withdraw his mo-tion is granted. Plaintiff may resubmit this motion if the judgment in his favor is affirmed.

## III. Defendants' Motion for Stay of Execution of Judgment

### A. Applicable Legal Standard

Rule 62(d) states in pertinent part that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay." It is commonly understood that "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir.1979). *See also Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir.1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). In considering whether to order a stay of judgment pending appeal, courts in this district have typically considered:

> (1) whether the petitioner is likely to prevail on the merits of his appeal; (2) whether, without a stay, the petitioner will be irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested in the proceedings; (4) wherein lies the public interest.

*Morgan Guaranty Trust Company of New York v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y.1988) (citing *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C.Cir.1982), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985)), *vacated on other grounds*, 924 F.2d 1237 (2d Cir.1991). *See also Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19, 21 (S.D.N.Y.1996); *Federal Ins. Co. v. County of Westchester*, 921 F.Supp. 1136, 1139 (S.D.N.Y.1996) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)).

### B. Analysis

It is common practice to stay the execution of a judgment pending appeal pursuant to Rule 62(d) upon posting of a supersedeas bond. Such a stay would be granted here were defendants willing to post a bond in the full amount of the judgments against them.

However, defendants request that a stay be granted, but state they are unable to post a supersedeas bond in any amount. See Affidavit of Timothy Butler ("Butler Aff."), dated March 11, 1997 at ¶ 6; Affidavit of William Mays ("Mays Aff."), dated March 11, 1997 at ¶ 7. Essentially, defendants ask that the Court relieve them of any obligation to satisfy the judgments pending the final adjudication of their appeal, but offer no means to protect plaintiff's rights.

1. Defendants' Likelihood of Success on Appeal

■ Defendants argue that the February 25 Opinion and Order denying their motion to vacate the default judgments involved such difficult legal questions that I should now find they are likely to succeed on appeal. While the appeal may present interesting issues, I cannot find that defendants are likely to succeed on appeal. The February 25 Opinion and Order held that "Butler and Mays were grossly negligent in failing to retain counsel to defend in this action". *Harris,* 1997 WL 79823, at *4. Additionally, I held that with regard to defendant Butler, plaintiff would be prejudiced were he forced to try his case at this time. *See id.* Finally, my decision to deny defendants' motion for vacatur also rested on the firm conviction that it would be perilous "to create a rule of law allowing defendants in a civil action to delay their trials almost indefinitely—thereby weakening the plaintiff's ability to present effective evidence against them—simply by asserting that they did not appreciate their affirmative obligation to defend themselves or to find an attorney to do so on their behalf." *Id.* at *5. Given that defendants were expressly informed by the Corporation Counsel of their obligation to retain private counsel or to respond to plaintiff's complaint themselves, I do not believe that defendants have a likelihood of success before the Court of Appeals.

2. Risk of Irreparable Harm to Defendants

■ Defendants argue they risk irreparable harm if their motion is denied because plaintiff is incarcerated and therefore unlikely to be able to refund the judgment if defendants succeed on appeal and subsequently at trial. This argument is refuted by the well-established principle that quantifiable money damages cannot be deemed irreparable harm. *See, e.g., Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 975 (2d Cir.1989); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) ("Irreparable injury means injury for which a monetary award cannot be adequate compensation."); *General Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.,* 862 F.Supp. 1070, 1075 (S.D.N.Y.1994). Furthermore, if defendants contend they are unable to satisfy the judgment, they cannot then claim to be concerned about a refund of that judgment after a successful appeal. There is also no evidence on the record as to plaintiff's financial status that directly supports defendants' claim that he would be unable to refund the judgment should defendants succeed on appeal and then at trial. I therefore reject defendants' contention that they risk irreparable harm if their motion for a stay of judgment is denied.

3. Risk of Substantial Harm to Plaintiff and the Public Interest

■ As noted in the February 25 Opinion and Order, plaintiff's case was originally commenced on March 25, 1991. To prolong plaintiff's recovery even further at this stage by granting a stay of the judgment seems particularly unfair. Now, more than six years after the initiation of his action, plaintiff has a strong interest in receiving the remedy provided by law for his injuries. And while the public may have no direct interest in the dispute between these parties, every citizen derivatively benefits from the swift resolution of all litigation. I therefore find that both the plaintiff's and the public's interest militate against granting defendants' motion for a stay of judgment.

4. Conclusion

Defendants have failed to establish that a stay of judgment pending appeal is warranted. Both plaintiff and defendants request in the alternative to their primary arguments that any money received in satisfaction of the

judgments against defendants Butler and Mays be kept in an interest bearing escrow account pending appeal. *See* Defendants' Reply Affirmation in Support of Motion for Stay of Judgment at 2–3; Plaintiff's Memorandum in Opposition to Defendants' Motion for Stay of Judgment at 9. This appears to be a practical and fair solution to the parties' current dispute regarding satisfaction of the judgments. As plaintiff is incarcerated, and therefore incapable of fully enjoying the damages award, holding the judgments in escrow pending appeal will not unduly prejudice him. The escrow account will also preserve defendants' ability to regain whatever amounts they pay to plaintiff in satisfaction of the judgments if they are successful on appeal and then at trial.

## IV. Conclusion

For the foregoing reasons, plaintiff's request to withdraw his motion for attorney's fees is granted, and defendants' motion for a stay of judgment pending appeal pursuant to Rule 62(d) is denied. It is accordingly

ORDERED that plaintiff's motion for attorney's fees is dismissed without prejudice; and it is furthermore

ORDERED that defendants must satisfy the judgments entered against them, or in the alternative post supersedeas bonds in the full amount of those judgments; it is furthermore

ORDERED that any and all payments of the judgments against defendants shall be made directly to an interest-bearing account that shall be held in escrow pending final adjudication of defendants' appeal. If defendants are successful on appeal, and then at trial, the entire balance of this escrow account will be refunded to them in direct proportion to their respective payments of the judgments against them; and it is additionally

ORDERED that the Clerk of the Court close this case.