In re Stephen A. MISHKIN, Debtor.

Richard LIEB, as Chapter 11 Trustee for the Estate of Stephen A. Mishkin, Plaintiff,

v.

Paul ARONSON and English Sportswear, Inc., Defendants.

Bankruptcy No. 83 B 20041.
Adv. No. 85 ADV. 6093.

United States Bankruptcy Court, S.D. New York.

March 20, 1986.

---

Aronwald & Pykett, White Plains, N.Y., for defendants; Daniel J. Pykett, of counsel.

Kronish, Lieb, Weiner & Hellman, New York City, for plaintiff-trustee; Karen Klein, of counsel.

### DECISION ON MOTION TO DISMISS COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendants, Paul Aronson and English Sportswear, Inc., have moved to dismiss the complaint filed by the Chapter 11 trustee for the estate of Stephen A. Mishkin ("the debtor"), or in the alternative, for a protective order preventing the trustee from deposing the defendants and requiring them to produce documents demanded by the trustee. The trustee's complaint in this adversary proceeding seeks an accounting and turnover by the defendants of property claimed to have been improperly transferred by the debtor, including property held by the debtor in trust for third parties.

The defendants contend that the trustee has no standing to sue for monies the debtor once held in trust for others and with respect to which the debtor's only indicia of title was possession before he filed his Chapter 11 petition. When the debtor filed his Chapter 11 petition, he no longer had possession of the funds, which were allegedly disposed of with the aid and complicity of the defendants. The defendants argue that property held in trust by the debtor for others and disposed of before the commencement of the debtor's bankruptcy case is not property within the meaning of 11 U.S.C. § 541, because the debtor had neither legal nor equitable title to the monies after the debtor relinquished possession of the funds to the defendants as alleged in the complaint. The defendants further maintain that the beneficial owners of the funds are presently suing the debtor in a class action now pending in the district court for damages arising out of the debtor's handling of these funds. This class action is proceeding because this court had previously lifted the automatic stay so as to allow the class action to continue.

Most of the claims filed against this estate are asserted by persons who advanced funds to the debtor for investment purposes. The defendants argue that it is improper to permit the Chapter 11 trustee to continue this action and to use funds of this estate belonging to the unsecured creditors to pay the expenses of litigation and attorneys' fees in an attempt to recover funds which will not benefit the estate but which will be turned over instead to the investors who bear no expense of this litigation. This policy argument is not persuasive because to the extent that the investors can establish the existence of a valid trust with respect to any of the property that the trustee might recover from the defendants and can adequately trace the proceeds of this trust, they will be entitled to recover such sums from the estate in satisfaction or reduction of their claims. *In re Auto-Train Corp.*, 53 B.R. 990 (D.C.1985); *In re Martin Fein & Co., Inc.*, 43 B.R. 623 (Bankr.S.D.N.Y.1984). Any such reduction of claims against this estate will inure to the benefit of the estate and its general unsecured creditors. Therefore, the main issue for consideration

is whether or not the Chapter 11 trustee has standing to sue these defendants.

### The Trustee's Standing to Sue

■ That there is a class action pending in the district court against the debtor and these defendants commenced on behalf of those persons who entrusted the debtor with funds for investment purposes, does not detract from the trustee's right to sue to collect property of the estate. Pursuant to 11 U.S.C. § 544(a), the trustee is authorized to exercise certain so-called strong-arm powers of a hypothetical judicial lien or execution creditor or a bona fide purchaser as of the commencement of the case. These rights may not be available to an actual investor creditor who may be charged with the knowledge or existence of certain facts, which if established, would be fatal to the investor's case. Thus, the trustee is neither the same party, nor does he stand in the same shoes as the plaintiffs in the pending class action in the district court that was filed against the debtor and others. Moreover, the trustee is authorized to collect and administer the property of this estate, which is defined in 11 U.S.C. § 541(a)(1) to mean "all legal or equitable interests of the debtor in property as of the commencement of the case." Pursuant to 11 U.S.C. § 541(d), property that the debtor holds subject to the interest of another entity, becomes the property of the estate subject to the interest of that entity. Moreover, if the property of the estate is held by a third party, other than a custodian, such third party is compelled by 11 U.S.C. § 542 to "deliver to the trustee, and account for such property or the value of such property ...", subject to recognition of the interest of the equitable owners of the property. *Georgia Pacific Corporation v. Sigma Service Corporation,* 712 F.2d 962, 964 (5th Cir.1983).

Funds or property that the debtor once held in trust for others and which were improperly disposed of by the debtor before the commencement of the debtor's bankruptcy case do not lose their status as trust fund property and the debtor's trustee is not deprived of his right to recapture such property under the theory that it is no longer property of the estate.

Most important, in the context of this case, § 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. See H.R.Rep. No. 95–595, p. 367 (1977). Several of these provisions *bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced. United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515, 522 (1983). (emphasis added). That the debtor transferred the funds in question to the defendants before the commencement of the debtor's Chapter 11 case does not weaken the trustee's right to sue for their return. *Georgia Pacific Corporation v. Sigma Service Corporation,* 712 F.2d at 966.

In considering a motion under Rule 12(c) of the Federal Rules of Civil Procedure, the court must accept as true all of the well pleaded facts alleged in the complaint and may not dismiss the action unless the court is convinced that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61 (2d Cir.1985); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977). A cause of action which a debtor has by virtue of the debtor's legal or equitable interest in property becomes property of the estate under 11 U.S.C. § 541 sufficient to give standing to a trustee in bankruptcy of such estate to commence an action to sustain the trustee's interest in the property of the estate. *Mitchell Excavators By Mitchell v. Mitchell,* 734 F.2d 129, 131 (2d Cir.1984); *American National Bank of Austin v. Mortgageamerica Corp. (In re Mortgageamerica Corp.),* 714 F.2d 1266, 1276–77 (5th Cir. 1983).

Hence, the trustee's complaint in the instant case is sufficient to withstand the

defendants' motion to dismiss under FRCP Rule 12(c) to the extent that the motion is directed to the trustee's standing to sue these defendants.

### Motion For a Protective Order

The defendants request, as an alternative to dismissal, that this court enter a protective order deferring their obligation to submit to deposition by the trustee and to respond to his request for the production of documents until after such time as the trustee has responded to interrogatories that the defendants previously propounded to him. The defendants argue that in the first instance the trustee should at least set forth sufficient facts to enable them to know what it is they are charged with having done and when the acts complained of are alleged to have occurred. The defendants contend that it is impossible to determine from the complaint when they are supposed to have received trust funds, how much they are charged with having received and who paid or received such money. Thus, the defendants state that it is unreasonable to require that they first submit to examination and the production of documents in connection with a complaint that does not detail the charges against them.

The trustee argues that the debtor revealed in the course of his examination pursuant to 11 U.S.C. § 341 that the defendant Aronson had utilized funds of investors in a corporation controlled by the debtor to purchase the stock of defendant, English Sportswear, Inc. The trustee also states that the debtor's attorney informed him that the debtor would not submit to further examination without invoking his Fifth Amendment rights against self-incrimination. Hence, the trustee's ability to gather information in connection with his adversary proceeding against these defendants has been seriously restricted.

That the trustee is unable to obtain more specific facts from the debtor is no reason why the trustee should not first answer the interrogatories propounded by the defendants. The trustee should answer the defendants' interrogatories and provide what-

ever details and figures he has available to him with respect to the allegations in the complaint. To the extent that certain details, amounts, dates and names are not presently known, the trustee should simply and candidly so state. It is not expected that a trustee would have all of the information known or available to a debtor of an estate with respect to which the trustee has commenced an adversary proceeding on behalf of the creditors of such estate.

After the trustee has answered the interrogatories served by the defendants to the best of his knowledge, information and belief, the defendants should then submit to the examination and production of records requested by the trustee. This examination and records production will then enable the trustee to attempt to flesh out the details of his case.

Accordingly, the defendants' motion for a protective order is granted to the extent that the defendants need not submit to deposition and the production of records as demanded by the trustee until after the trustee has answered, to the best of his knowledge, the interrogatories previously submitted to him by the defendants.

SETTLE ORDER on notice.