In re Michael J. KAUFMAN, Debtor.

Michael J. KAUFMAN, Plaintiff,

v.

Barbara BALABER-STRAUSS, as Trustee in Bankruptcy of Michael J. Kaufman, Defendant.

Bankruptcy No. 84 B 20445.
Adv. No. 86 Adv. 6078.

United States Bankruptcy Court,
S.D. New York.

Dec. 29, 1986.

392

Kera & Graubard, New York City, for Michael J. Kaufman; M. David Graubard, of counsel.

Barbara Balaber-Strauss, New York City, Trustee.

## DECISION ON COMPLAINT FOR IMMEDIATE PAYMENT OF A CLAIMED HOMESTEAD EXEMPTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This adversary proceeding was brought to declare the debtor's right to a homestead exemption and to compel the trustee in this Chapter 7 case to pay over to him that portion of the proceeds of the sale of a house to which a homestead exemption applies. The trustee opposes the debtor's contention that a trustee may be compelled to distribute these funds to the debtor before the final distribution delineated under 11 U.S.C. § 726.

### FACTS

1. On October 24, 1984 the debtor, Michael J. Kaufman, filed with this court his petition for relief under Chapter 7 of the Bankruptcy Code.

2. Subsequently the case was converted by the debtor to one for reorganization under Chapter 11 of the Code and later reconverted to a Chapter 7 liquidation pursuant to 11 U.S.C. § 1112(b) for cause.

3. In his petition the debtor claimed his homestead exemption under 11 U.S.C. § 522(b)(2)(A) and N.Y.C.P.L.R. § 5206 (the applicable state exemption statute). There were no objections to the debtor's homestead claim of $10,000 and, therefore, it is allowed.

4. The debtor's principal residence, located at 12 Brook Lane, Scarsdale, New York, has been sold by the trustee pursuant to 11 U.S.C. § 363 for $295,000, with all perfected liens then transferring to the proceeds.

5. The liens against the proceeds amount to approximately $238,246, leaving a balance of $56,754, which is subject to the homestead exemption and the claims of unsecured creditors.

6. On June 10, 1986, this court denied the debtor his discharge pursuant to 11 U.S.C. § 727. The debtor's motion to vacate that order was denied on September 3, 1986.

7. On October 9, 1986, the debtor initiated this action by service of a summons and complaint. Issue was joined on November 10, 1986. The complaint was heard on December 12, 1986. The adversary action sought to compel the trustee to turn over immediately $10,000 of the proceeds of the sale representing the debtor's homestead exemption.

### DISCUSSION

The issue of whether a debtor can compel a trustee to pay over a properly claimed and allowed homestead exemption prior to the final distribution to creditors at the close of the case appears to be a novel one. The cases decided under the former Bankruptcy Act are inapplicable because title to exempt property under the Act did not pass to the trustee in bankruptcy so that the Bankruptcy Court did not have jurisdiction over property that was set apart as exempt. *Lockwood v. Exchange Bank of Fort Valley*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). This conclusion was predicated on the theory that exemptions never came into the debtor's estate for bankruptcy purposes. Therefore, the trustee had a duty to surrender the exempt property to the debtor at once. 6 Collier on

Bankruptcy, ¶ 6.06 p. 822 (14th ed. 1978). However, where the exemption related to funds obtained after a trustee's sale, it was held that the trustee could retain possession for a reasonable time, so as to afford creditors an opportunity of claiming liens against the fund to take action in state court to enforce the liens. *In re Barnett,* 214 F. 263 (N.D.Ga.1914).

The Bankruptcy Court's lack of jurisdiction over exempt property was reversed by the adoption of 11 U.S.C. § 541(a) of the present Bankruptcy Code. This section includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, the debtor may claim exemptions allowable under 11 U.S.C. § 522. This section prescribes minimum federal exemptions with respect to specifically delineated items in subdivision (d). However, any state may "opt out" of the federal exemptions in accordance with 11 U.S.C. § 522(b)(1) and require its residents to look to the state's law regarding exemptions. New York has joined the majority of states that have "opted out" of the federal exemption scheme. *See* § 282 New York Debtor and Creditor Law. Hence the debtor's claimed homestead exemption is governed by the $10,000 limitation expressed in N.Y.C.P.L.R. § 5206.

Although state law specifies which assets may be exempt and to what extent, federal law prescribes the manner in which exemptions may be allowed and declares in 11 U.S.C. § 522(c) which claims are not affected by the exemption. Thus, subsection (a) of Bankruptcy Rule 4003 governs the procedure for claiming exemptions; subsection (b) prescribes the time limit for filing objections to claimed exemptions; subsection (c) deals with the burden of proof as to objections and subsection (d) provides that proceedings by a debtor to avoid a lien that impairs an exemption, as prescribed under Code § 522(f), are treated as contested matters rather than as adversary proceedings. Additionally, 11 U.S.C. § 522(c)(1) declares that property exempted under either the federal or state system continues to remain liable for nondis-chargeable taxes under 11 U.S.C. § 523(a)(1) and nondischargeable alimony, maintenance or support referred to in 11 U.S.C. § 523(a)(5). Similarly, 11 U.S.C. § 522(c)(2) provides that exempt assets continue to remain subject to unavoidable liens. Pursuant to Bankruptcy Rule 4007(b) a complaint objecting to the nondis-chargeability of the debts included under 11 U.S.C. § 523(a)(1) and 11 U.S.C. § 523(a)(5) may be filed at any time. Therefore, the fact that a debtor may be allowed an exemption under state law does not mean that the asset is immediately available to the debtor without the performance of further administrative duties on the part of the trustee in bankruptcy in accordance with federal law.

■ Subsection (2) of 11 U.S.C. § 704 declares that a trustee is accountable for all property received. Subsection (4) of 11 U.S.C. § 704 directs the trustee to investigate the financial affairs of the debtor. Additionally, subsection (9) of 11 U.S.C. § 704 requires the trustee to file a final account of the administration of the estate with the court. As required by these provisions, a trustee has a duty to ascertain if an allowed exemption must be turned over to a federal or state agency which may have a superior nondischargeable tax claim under 11 U.S.C. § 523(a)(1), or turned over to a spouse or former spouse who might have a nondischargeable alimony, maintenance or support claim under 11 U.S.C. § 523(a)(5). The trustee must also ascertain if any exempt assets are subject to unavoidable liens as stated in 11 U.S.C. § 522(c)(2). In the event that the trustee surrenders the exempt assets to the debtor without first determining that no such excepted nondischargeable claim or unavoidable lien exists, the trustee might thereafter be held accountable to claimants holding such superior claims or liens.

■ Certainly the trustee in bankruptcy is entitled to investigate all aspects of the debtor's financial condition, including the examination of his business books and records and past federal and state tax re-

turns. Moreover, the debtor was previously divorced and remarried. Therefore, the trustee must ascertain if the allowed exemption is subject to a nondischargeable alimony, maintenance or support claim with respect to which the allowed exemption would continue to be liable, as expressed in 11 U.S.C. § 522(c)(1).

In light of the fact that the debtor has not established that the trustee in bankruptcy has concluded these administrative duties and has been satisfied that there are no claimants under 11 U.S.C. § 522(c)(1) or (c)(2) to whom the trustee may be accountable, it follows that the trustee should not be directed to turn over to the debtor immediately the allowed $10,000 homestead exemption. The trustee should be permitted a reasonable time to perform her administrative duties. Precisely what that reasonable time is will depend on the extent to which the debtor has cooperated with the trustee and has furnished the documents and information which the trustee requires in order to perform her fiduciary tasks.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties in this case in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Paragraph 10 of the debtor's complaint requesting the allowance of the debtor's homestead exemption is granted subject to any possible exception under 11 U.S.C. § 522(c)(1) or (2).

3. The balance of the debtor's complaint to compel the trustee in this Chapter 7 case to turn over immediately to the debtor the $10,000 homestead exemption allowed under N.Y.C.P.L.R. § 5206 is denied, without prejudice to renewal upon proof that the debtor has cooperated with the trustee in bankruptcy and that she has had a reasonable time to perform her administrative duties with respect to the allowed exemption, or that the trustee is satisfied that the exempt assets are not subject to any supe-

rior rights, including claims or unavoidable liens excepted from the exemption under 11 U.S.C. § 522(c).

SETTLE ORDER on notice.