Lawrence B. GREENE and Helena
Greene, Plaintiffs,

v.

Barbara BALABER–STRAUSS, as Trustee in Bankruptcy of Lawrence B. Greene and Helena Greene, Defendant.

No. 87 Civ. 0762 (RWS).

United States District Court,
S.D. New York.

Aug. 7, 1987.

Barr and Faerber, Spring Valley, for plaintiffs; Joseph J. Haspel, of counsel.

Barbara Balaber-Strauss, P.C., New York City, for defendant; Barbara Balaber-Strauss, of counsel.

## OPINION

SWEET, District Judge.

This is an appeal from an order entered in Bankruptcy Court by Debtors-Appellants Lawrence and Helena Greene ("the Greenes"). It is opposed by Trustee Barbara Balaber-Strauss ("the Trustee"). Argument was heard in this court on May 8, 1987, and for the reasons below the decision of the Bankruptcy Court is affirmed.

**Prior Proceedings**

The debtors had each filed Chapter 13 cases, on March 28, 1985 in the Bankruptcy Court of the Southern District of New York, White Plains, New York. These Chapter 13 bankruptcy cases were subsequently dismissed because the Bankruptcy Court found that the debtors did not qualify for relief under Chapter 13. An appeal by the debtors of the District Court's order affirming the dismissal was heard by the Court of Appeals on January 6, 1987. The Court of Appeals affirmed by decision dated January 8, 1987.

After the dismissal of their Chapter 13 petitions, the debtors on October 21, 1985, again voluntarily filed a new joint bankruptcy petition under Chapter 11. After six months, that case was converted by the Bankruptcy Court to a liquidation case under Chapter 7, on February 4, 1986. Barbara Balaber-Strauss, Esq. was appointed Trustee of the case on February 5, 1986.

At the time the case was converted, the Greenes' major asset was their house located in Larchmont, New York (the "House"). The Trustee held a public auction for the sale of the house, and pursuant to an order of the Bankruptcy Court, the Trustee sold the house on September 4, 1986. The sale price of the house was $890,000.

An objection to the debtors' discharge has been filed jointly by the Trustee and by a Creditor who had been omitted from the schedules by the Debtors.

Immediately after the Trustee closed on the sale of the house in September, 1986, the Debtors made an application to the Bankruptcy Court for an order allowing them their homestead exemptions under 11 U.S.C. § 522(f), that is, $10,000 apiece. Hearings were held on October 14 and October 31, 1986. By order dated November 12, 1986, the Hon. Howard Schwartzberg allowed the Debtors homestead exemptions subject to any set-off under 11 U.S.C. § 522.

On November 3, 1986, before the order allowing the exemptions was signed, the Debtors made a second motion before Judge Schwartzberg seeking an "order directing the trustee to turnover a check to the Debtors for their Homestead Exemptions." After yet another hearing regarding the homestead exemptions held on November 12, 1986, an order was signed by Judge Schwartzberg denying the Debtors' motion "until such time as the Trustee is required to make distributions under 11 U.S.C. § 726." This is the order from which the present appeal has been taken.

Instead of taking a normal appeal of this November 18, 1986 order, the Debtors moved in District Court, for an order granting an "emergency appeal" of Judge Schwartzberg's order. Chief Judge Brieant heard this motion for an "emergency appeal" on December 1, 1986 and denied it by order dated December 2, 1986, without ruling on the merits of the Bankruptcy Judge's order.

The Debtors then filed a notice of motion in the Court of Appeals for an expedited appeal of the order by Chief Judge Brieant denying their motion for an emergency appeal. Argument was had on January 14, 1987 and on February 9, 1987, the Court of Appeals denied the Debtors' motion, 814 F.2d 653.

The appeal in the normal course was heard in this court on May 8, 1987.

**Discussion**

The issue in this case was whether the Bankruptcy Court was correct in postponing the turnover to the Debtor of the allowed $20,000 exemption until the trustee has concluded her administrative fiduciary duties and is distributing the property of the estate.

■ Several important interests pull in different directions in deciding the question. First, it is of prime importance in bankruptcy law that honest debtors be afforded a fresh start as soon and as efficiently as possible. Second, the trustee must be allowed sufficient time to perform his or her administrative fiduciary duties. Finally, no party should be able to abuse the bankruptcy system to the detriment of legitimate creditors.

■ With respect to these interests, a fundamental purpose of the bankruptcy laws is to allow financially distraught debtors the opportunity to rid themselves of overbearing debt and allow the debtor a fresh start in life. *Lines v. Frederick*, 400 U.S. 18, 20, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970). As Congress has said:

> The historical purpose of these exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his non-exempt property, the debtor will not be left destitute and a public charge.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5797, 6087.

In *In re LaFond,* 791 F.2d 623, 627 (8th Cir.1986), the Eighth Circuit Court of Appeals, quoting *In re Pommerer,* 10 B.R. 935 (Bkrcy.D.Minn.1981) articulated these basic bankruptcy principles:

> One primary purpose of the Bankruptcy Code is to afford the financially beleaguered a fresh start by readjusting financial rights and liabilities ... (Citations omitted). A fresh start cannot be attained by returning a debtor to point zero. Sec. 522(f) encompasses property which Congress envisioned as necessary to give substance to the concept of a fresh start. This property is required for the maintenance, health and welfare of the debtor and his family, and avoids literal destitution. Eliminate them and the debtor would be left financially fresh, but without a start.

791 F.2d at 627.

Thus, the purpose of bankruptcy, in general, and bankruptcy exemptions, specifically, is to afford the debtor an opportunity to once again become a productive force in society.

██ The other interests have recently been addressed in *Kaufman v. Balaber-Strauss,* 68 B.R. 391, 392 (Bkrcy.S.D.N.Y. 1986), in which Judge Schwarzberg addressed exactly the issue here, "whether a debtor can compel a trustee to pay over a properly claimed and allowed homestead exemption prior to the final distribution to creditors at the close of the case." The Judge called the issue "a novel one." *Id.* After examining the history of the exemption clauses and the duties of the trustee, the court held: "The trustee should be permitted a reasonable time to perform her administrative duties. Precisely what that reasonable time is will depend on the extent to which the debtor has cooperated with the trustee and has furnished the documents and information which the trustee requires in order to perform her fiduciary tasks." *Id.* at 394.

██ At oral argument, the Greenes asserted that unholding the bankruptcy court's decision was tantamount to approving a standardless withholding of funds. *Kaufman,* however, is not standardless at all, but instead charges a bankruptcy court with a "reasonableness" test. Given the bankruptcy judge's intimate familiarity with the case, that court will generally be in the best position to weigh the competing values under a reasonableness test and is in the best position to determine what time is reasonable. Here, the transcripts of the hearings before the bankruptcy judge evidence a concern on the court's part that these appellants may have abused the process and may not be the "honest debtors" who are entitled to discharge and exemption. It is apparent that the court was wary in this case of a situation in which the exemptions were paid out, the discharge was subsequently denied, and the trustee was unable to get the money back from the debtors. Under the circumstances, the decision to withhold the exemptions can be deemed reasonable, and the Greenes' appeal is denied.

Circumstances may, however, change as the case progresses in the bankruptcy court. Should, for instance, the proceedings take far longer than the bankruptcy court expected (for reasons not chargeable to dilatory tactics by the Greenes), or if the court's view as to the likelihood of discharge change so that it appears unreasonable for the court to withhold the exemptions, then the Bankruptcy Court may, of course, alter its order upon application by the Greenes with the usual appellate remedies, for which this court would accept jurisdiction.

**Conclusion**

Adopting the "reasonable time" rule of *Kaufman v. Balaber-Strauss,* 68 B.R. 391 (Bkrcy.S.D.N.Y.1986), the decision by the Bankruptcy Court is affirmed and the case is closed with leave to reopen under the circumstances set forth above.

IT IS SO ORDERED.