**In re Mary Jane RUNDLETT, Debtor.**

**Bankruptcy No. 91 B 21781.**

United States Bankruptcy Court,
S.D. New York.

July 9, 1992.

Shaw, Licitra, Parente, Esernio & Schwartz, P.C., Garden City, N.Y., for debtor.

Zalkin, Rodin & Goodman, New York City, for trustee.

## DECISION REGARDING SETTLEMENT OF AN ORDER DETERMINING THE EXTENT OF CLAIMED EXEMPTIONS AND STAY PENDING APPEAL

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

A dispute has developed with respect to the settlement of an order reflecting this court's decision dated June 1, 1992 involving the debtor's claim that the proceeds from five life insurance policies on the life of her deceased husband were exempt under New York Insurance Law § 3212(b). The court held that $2,924,903.23 of the proceeds from three policies were not exempt and that $603,097.60 of the proceeds from two policies which were in the debtor's name were exempt under New York Insurance Law. *In re Rundlett*, 142 B.R. 649 (Bankr.S.D.N.Y. June 1, 1992). The problem stems from the fact that the proceeds from the five insurance policies received by the debtor originally totalled $3,528,040.31. However, she spent approximately $1,200,000.00 before the commencement of the bankruptcy case in the pur-

chase and renovation of a home in Florida, the purchase of a Lexus automobile and the repayment of a relative's loan.

Initially, the trustee in bankruptcy argues that the exemption for the insurance proceeds should be apportioned because the debtor should be deemed to have spent in the prepetition period a portion of the exempt proceeds along with the non-exempt insurance proceeds. Therefore, the trustee reasons that the debtor should not receive an exemption for the entire $603,097.60 received prepetition from the two insurance policies which this court found to be exempt under New York Insurance Law § 3212(b). It is undisputed that the aggregate value of the insurance proceeds and the property acquired by the debtor with the proceeds in the prepetition period are insufficient to pay in full both the trustee's claim of $2,924,903.23 and the allowed exemption of $603,097.60.

The trustee also objects to the fact that the debtor claims interest on the full $603,-097.60 from the date of the commencement of this case. This issue relates closely to the basic dispute as to the extent of the debtor's allowed exemption. Additionally, the trustee objects to the debtor's request for a stay pending her appeal with respect to the amount of her allowed exemption claim. The trustee argues that the debtor's motion fails to make a showing that, absent a bond, the trustee will be adequately protected against loss during the pendency of the appeal. The debtor proposes that she should be allowed to receive immediately $100,000.00 from her allowed exemption, which she will use for living expenses, mortgage, insurance, taxes and other expenses related to the Florida home. As adequate protection to the trustee, she will turn over to the trustee the balance of the insurance proceeds held by her, pending a determination of the appeal, and that during the appeal period she would be allowed to continue living in the Florida home. The trustee has no objection to such continued occupancy of the Florida home.

## Extent of the Insurance Exemption

■ The debtor commingled in the prepetition period all of the insurance proceeds she received from the life insurance policies on her late husband's life. She then made substantial expenditures, with the result that when her original involuntary bankruptcy case was commenced on November 15, 1991, the $3,528,040.31 which she received as insurance proceeds under the five insurance policies was no longer on hand. Instead, the funds on hand amount to approximately $2,200,000.00. The trustee contends that it is factually impossible to trace the proceeds to exempt or non-exempt policies. Therefore, the trustee reasons that it must be assumed that the debtor spent her own money first, citing *Cunningham v. Brown,* 265 U.S. 1, 12, 44 S.Ct. 424, 426, 68 L.Ed. 873 (1924). There, the Supreme Court dealt with the gigantic fraud perpetrated by Charles Ponzi and his so-called "Ponzi scheme." The defendants had received preferential repayments from Ponzi. They could not trace the money they received to the funds they advanced to Ponzi in order to establish that they were entitled to the funds as a result of their rescission of the deal with Ponzi. Thus, they could not establish a constructive trust. Chief Justice Taft relied on the rule established in an old English court and said:

> [W]here a fund was composed partly of a defrauded claimant's money and partly of that of a wrongdoer, it would be presumed that, in the fluctuations of the fund, it was the wrongdoer's purpose to draw out the money he could legally and honestly use rather than that of the claimant, and that the claimant might identify what remained as his res, and assert his right to it by way of an equitable lien on the whole fund, or a proper pro rata share of it.

*Cunningham,* 265 U.S. at 12, 44 S.Ct. 424 (citations omitted). The *Cunningham* case is inapposite to the facts in this case. Unlike the *Cunningham* case, the insurance proceeds received by the debtor in the prepetition period did not then belong to the trustee in bankruptcy. Moreover, the debtor did not acquire the insurance proceeds

by any fraudulent conduct so as to raise a presumption that the prepetition expenditures were derived solely from the proceeds of the two insurance policies which were subsequently determined by this court to be exempt under New York Insurance Law § 3212(b).

The trustee in the instant case simply stands in the shoes of the general unsecured creditors as of the commencement of the bankruptcy case pursuant to 11 U.S.C. § 323, and may claim all property of the estate as of that time, as authorized under 11 U.S.C. § 541. *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1342 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988); *In re Mishkin*, 58 B.R. 880, 882 (Bankr.S.D.N.Y.1986). Any funds which the debtor spent in the prepetition period and which cannot be avoided and recaptured as preferential transfers or fraudulent transfers pursuant to 11 U.S.C. §§ 547 and 548, respectively, cannot be treated as property of the estate and do not belong to the trustee in bankruptcy. 11 U.S.C. § 541. The trustee in bankruptcy may not reach back beyond the date of the commencement of the case and claim entitlement to all the insurance proceeds received by the debtor in the prepetition period. Consequently, absent a right to all of the insurance funds originally received by the debtor, the trustee has no ground for claiming an apportionment for exemption purposes on the basis of the original amount of insurance proceeds received by the debtor. Other than avoided funds, the trustee may only claim that property which is viewed as property of the estate within the meaning of 11 U.S.C. § 541 as of the date of the commencement of the case.

Similarly, the debtor is entitled to claim her exemptions as of November 15, 1991, the date of the commencement of the bankruptcy case, because that is the controlling date for defining the exemptions. *In re Bronner*, 135 B.R. 645, 647 (9th Cir. BAP 1992); *In re Hill*, 95 B.R. 293, 297 (Bankr. N.D.N.Y.1988); *In re Fill*, 84 B.R. 332, 337 (Bankr.S.D.N.Y.1988). For New York residents, such as this debtor, they must look to the state's exemption scheme because pursuant to 11 U.S.C. § 522(b)(1), New York has "opted out" of the federal exemption provisions. *See In re Kaufman*, 68 B.R. 391, 393 (Bankr.S.D.N.Y.1986).

On November 15, 1991, the debtor had in her possession approximately $2,200,000.00 in liquid assets which were admittedly derived from the insurance proceeds under the five insurance policies on her late husband's life. This amount exceeded the $603,097.60 which she received from the two insurance policies which this court allowed as an exemption under New York Insurance Law § 3212(b). Accordingly, the value and extent of her exemption was defined on November 15, 1991 as the $603,-097.60 which the debtor previously received under the two exempt policies. This is the fund which the debtor may claim as an exemption as of the commencement of her bankruptcy case for her maintenance, health and welfare in order to avoid destitution and provide for a fresh start. *See In re Greene*, 76 B.R. 940, 942 (S.D.N.Y. 1987), *aff'd*, 859 F.2d 148 (2d Cir.1988).

### *Interest*

The debtor claims accrued interest on the $603,097.60 under the New York insurance exemption from the date of the commencement of the case. The interest claim is apparently bottomed on the theory that the trustee in bankruptcy must immediately turn over to the debtor the claimed exempt property or be responsible for the payment of interest in the event the exempt property is not immediately turned over. Although it is of prime importance in bankruptcy law that honest debtors be afforded a fresh start as soon and efficiently as possible, it is also fundamental that a trustee should be permitted a reasonable time to perform his or her administrative fiduciary duties, including pursuing objections to creditors' claims and debtors' questionable exemptions. As long as the trustee is not dilatory and acts in a responsible manner in exercising the trustee's fiduciary duties, the trustee and the estate should not be liable for accrued interest and should be given a reasonable time to turn over to the debtor the principal property or proceeds of such property which comprises

**658**

the allowed exemption. *Greene,* 76 B.R. at 942; *Kaufman,* 68 B.R. at 394.

### Stay Pending Appeal

■ The debtor plans to file an appeal from this court's decision dated June 1, 1992, which limited her claimed exemption to $603,097.60, representing the proceeds from the two life insurance policies which were assigned to her by her late husband, and which this court concluded she "effected" within the meaning of New York Insurance Law § 3212(b). The debtor reasons that she should be regarded as also having "effected" the other three policies which were not in her name.

■ There is a paucity of authoritative appellate sources in construing the New York insurance exemption in so far as it relates to creditors of the debtor, as distinguished from creditors of the decedent whose life was insured. This court determined a novel issue of first impression for any bankruptcy court sitting in New York. Accordingly, the debtor is reasonably pursuing her appeal in order to obtain a federal appellate determination as to the extent of her insurance exemption. She has no independent assets to draw upon to file a bond to support her stay pending the appeal. An inability to fund a bond is not, of itself, a justifiable ground for dispensing with a bond. *In re Calisoff,* 92 B.R. 357, 360 (Bankr.N.D.Ill.1988). However, the court in the *Calisoff* case dealt with the issue of an unsecured appeal. In the instant case, the debtor proposes to secure the appeal by turning over to the trustee all of the insurance proceeds and the property acquired by the debtor with the proceeds, less a sum fixed by the court for living expenses pending her appellate review. The sum requested by the debtor is $100,000.00, out of which she will pay all expenses for maintaining the Florida home which the trustee has agreed to allow her to occupy, pending the appeal, including insurance, taxes, and mortgage obligations as they come due. The downside risk is lessened by the fact that this court has held that the debtor is entitled to an insurance exemption in the sum of $603,097.60 which will be held by the trustee pending the appeal, together with the balance of the contested insurance proceeds.

The debtor should be entitled to receive immediately a portion of the allowed exemption to cover her living expenses pending the appeal. However, the sum of $100,000.00 is excessive for the time in question. Manifestly, the sum of $50,000.00 is more appropriate during this period, from which she is to pay the expenses previously stated with respect to the Florida home.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. The debtor is entitled to an insurance exemption pursuant to New York Insurance Law § 3212(b) in the sum of $603,097.60, without interest, as of November 15, 1991, when the bankruptcy case commenced.

3. The debtor is entitled to receive immediately a portion of the allowed exemption to cover her living expenses pending the appeal. This amount shall be $50,000.00 from which she is to pay the expenses with respect to the Florida home.

4. The debtor is entitled to a stay pending appeal, without posting a bond, conditioned upon the debtor turning over to the trustee the assets previously referred to, subject to the conditions mentioned.