**In re Mary Jane RUNDLETT, Debtor.**

**Marc Stuart GOLDBERG,
Trustee, Plaintiff,**

v.

**Anne Keller TORELL, Defendant.**

**Bankruptcy No. 91 B 21781.**

**No. 92–5272 A.**

United States Bankruptcy Court,
S.D. New York.

Jan. 7, 1993.

Zalkin, Rodin & Goodman, New York City, for Marc Stuart Goldberg, Trustee.

Teitelbaum, Braverman & Borges, New Hyde Park, NY, for Anne Keller Torell.

## DECISION ON MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR LEAVE TO AMEND ANSWER, FOR STAY PENDING APPEAL AND DISMISSAL OF COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 7 trustee in bankruptcy of the above-captioned debtor, Mary Jane Rundlett, has moved pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure, for summary judgment with respect to his adversary proceeding to recover a preferential transfer to the defendant, Anne Keller Torell, the debtor's sister. The defendant Torell opposes the trustee's motion and cross-moves for dismissal of the complaint, for leave to amend her answer, and for a stay pending appeal. The debtor, who is not a party to the present motions, has appealed this court's previous decision which determined the extent of the debtor's claimed exemption for insurance proceeds received under policies held by her late husband.

### FACTUAL BACKGROUND

The debtor is the widow of the late Donald H. Rundlett, who was the Chief Executive Officer of Private Capital Partners, a Chapter 11 debtor in this court. The debtor had co-signed as a guarantor with her husband certain obligations of her husband's corporation to various banks. Her husband died on August 25, 1991. On November 15, 1991, an involuntary Chapter 7 petition was filed against the debtor by a group of banking institutions holding guaranties which she issued to them. The debtor elected to convert the involuntary case to a voluntary Chapter 11 case. She filed her schedule of exempt property, claiming the death benefits under insurance policies owned by her husband, totalling approximately $3.5 million, as exempt under New York Insurance Law § 3212(b)(2). However, the debtor had already spent approximately $1,200,000.00 before the commencement of her bankruptcy case in the purchase of a home in Florida, the purchase of a Lexus automobile and the payment of $130,000.00 to her sister, the defendant in this case. Thereafter, the Chapter 11 case was reconverted to a Chapter 7 case and a trustee in bankruptcy was appointed. This court held that of the $3.5 million of insurance proceeds, the debtor was entitled to an exemption of $603,097.60 pursuant to New York Insurance Law § 3212(b)(2). *In re Rundlett*, 142 B.R. 655 (Bankr.S.D.N.Y. 1992). This decision is presently on appeal.

On July 29, 1992, the Chapter 7 trustee commenced this action to avoid and recover the $130,000.00 payment which the debtor made to her sister in September of 1991. The trustee contends this payment was a voidable preferential transfer pursuant to 11 U.S.C. § 547(b).

The defendant's original answer admitted that the transfer was for or on account of an antecedent debt incurred by the debtor and that the transfer was made on or within ninety days before the date of the filing of the debtor's bankruptcy petition. The defendant denied that the transfer would enable the debtor to receive more than she would receive as a creditor under Chapter 7 of the Bankruptcy Code.

The defendant's original answer also asserted two affirmative defenses. The first affirmative defense states that this court lacks jurisdiction because defendant is entitled to a jury trial. The second affirmative defense alleges that the $130,000.00 the defendant received from the debtor was made from the debtor's late husband's property and not from property of the debtor, who was merely a conduit.

The trustee moved for summary judgment on the theory that the two elements in 11 U.S.C. § 547(b) which were not admit-

ted in the answer, were satisfied. The element of insolvency under 11 U.S.C. § 547(b)(3) was supported by the presumption of insolvency in accordance with 11 U.S.C. § 547(f). The element as to the defendant receiving more than as a Chapter 7 creditor, as stated in 11 U.S.C. § 547(b)(5), was satisfied by the fact that the defendant was paid in full while the schedules reflect that creditors will receive only a small fraction of their claims.

However, the defendant cross-moved to amend her answer. Significantly, the defendant denies that she was a creditor of the debtor. Instead, she contends that the $130,000.00 payment was made by the debtor on account of a debt owed to the defendant by the debtor's late husband, Donald H. Rundlett. Thus, it is argued that there was no transfer on account of an antecedent debt owed by the debtor, as required by 11 U.S.C. § 547(b)(2).

The proposed answer also asserts that the alleged payment did not involve any transfer of an interest of the debtor in property because the payments were made pursuant to a prepetition assignment of life insurance proceeds.

Another affirmative defense in the proposed answer is that the transfer of $130,-000.00 by the debtor to the defendant did not diminish the estate because it was from property claimed as exempt by the debtor.

Finally, an affirmative defense is asserted that the transfer was not a voidable preference because it "was a substantially contemporaneous exchange." This point may be dismissed out of hand because 11 U.S.C. § 547(c)(1) requires that a contemporaneous exchange must be for "new value given to the debtor." The proposed answer does not allege that the defendant gave any "new value" to the debtor, nor do any of the supporting papers refer to any such "new value." The phrase "contemporaneous exchange," as stated in the proposed amended answer, is simply asserted out of context and is patently deficient on its face.

## DISCUSSION

### Summary Judgment

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support for a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

### Jurisdiction

■ The fact that the defendant may claim a right to a jury trial in a preference action, as held in *Granfinanciera, SA v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), does not mean that this court lacks jurisdiction over the defendant. The Second Circuit Court of Appeals has held that bankruptcy courts may conduct jury trials in core proceedings without violating Article III of the Constitution. *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1400 (2d Cir.1990), *vacated and remanded*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *superseded*, 924 F.2d 36 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). Accordingly, this defense is facially without merit and, like the contemporaneous exchange defense, will also be dismissed out of hand.

*Creditor or Assignee*

■ On January 15, 1991, the debtor's husband, Donald H. Rundlett, and his business associate, Thomas B. Graves, executed a promissory note in favor of the defendant for $260,000.00 as a joint and several obligation.

On January 28, 1991, the debtor executed a "Conditional Guarantee" to the defendant, limited to $130,000, with respect to the $260,000.00 promissory note which the debtor's husband and Thomas B. Graves issued to the defendant for funds which the defendant previously advanced to them. This "Conditional Guarantee" provides as follows:

## CONDITIONAL GUARANTEE

If, upon the death of Donald H. Rundlett, there shall be any remaining liability of Donald H. Rundlett to Anne K. Torell of Bronxville, New York by reason of that certain Unsecured Note in the face amount of $260,000, dated January 15, 1991, from Donald H. Rundlett and Thomas B. Graves to Anne K. Torell, a copy of which is attached hereto, the undersigned Mary Jane Rundlett, for value received, does hereby promise to pay on demand to Anne K. Torell the amount for which Donald H. Rundlett shall be liable to Anne K. Torell as of the time of his death under the terms of such Note; provided, however, the obligation of Mary Jane Rundlett under this Conditional Guarantee shall in no event exceed the sum of One Hundred Thirty Thousand Dollars ($130,000).

Dated: 1–28–91

s/ Mary Jane Rundlett

Mary Jane Rundlett

Notwithstanding the express language in the "Conditional Guarantee," defendant seeks to construe the document as an absolute assignment by the debtor to the defendant of the debtor's interest in the debtor's husband's life insurance proceeds. Defendant cites *In re Moskowitz*, 14 B.R. 677 (Bankr.S.D.N.Y.1981), in support of her assignment theory. However, in *Moskowitz* the debtor executed an assignment form which expressly assigned to a hospital all benefits which the debtor was entitled to receive from governmental agencies and insurance carriers which were financially liable for the debtor's hospital and medical care. This court noted as follows:

All that is required is that the property must be sufficiently identifiable and there must be an intent to assign a present right in the subject matter of the assignment, divesting the assignor of all control over that which is assigned. *Authorized Credit Corp. v. Enterprise Indus. Co.*, 109 N.Y.S.2d 687 (1951); *Coastal Commercial Corp. v. Samuel Kosoff & Sons, Inc.*, 10 A.D.2d 372, 199 N.Y.S.2d 852 (1959).

*Moskowitz*, 14 B.R. at 681.

The "Conditional Guarantee" neither refers to the insurance policies and proceeds nor purports to relinquish the debtor's control over the right to receive such proceeds. Indeed, the debtor collected the insurance proceeds herself and commingled them with insurance proceeds from insurance policies which this court ruled did not involve exempt funds. The plain language in the "Conditional Guarantee" and the debtor's conduct in exercising control over the insurance proceeds does not give rise to even a hint that the debtor assigned any insurance proceeds to the defendant or that the debtor acted as a conduit pursuant to such an assignment.

Defendant has raised no question of fact as to the existence of an assignment of any insurance proceeds to the defendant, either exempt or nonexempt funds, and has produced no written evidence of any assignment of any proceeds from debtor's husband's life insurance policies.

■ Pursuant to the unambiguous language of the "Conditional Guarantee," the debtor promised to pay up to $130,000.00 to the defendant if at the death of her husband, Donald H. Rundlett, there remained an unpaid obligation under the $260,000.00 promissory note which Rundlett and his business associate issued to the defendant. Pursuant to 11 U.S.C. § 101(5)(A), a right to payment, even if contingent, constitutes a claim. Additionally, an entity that has a

prepetition claim against the debtor is classified as a creditor. 11 U.S.C. § 101(10). Hence, the defendant was a creditor who received payment of $130,000.00 from the debtor on account of an antecedent debt within the meaning of 11 U.S.C. § 547(b)(1) and (2). The contingent aspect of the guaranty became fixed when the debtor's husband died and there remained an unpaid obligation to the defendant under the $260,000.00 promissory note.

### Diminution of the Estate

■ Defendant argues that she was paid with exempt funds and therefore there was no diminution of the estate. The debtor claimed that all of the insurance proceeds, totalling approximately $3.5 million, qualified for her exemption under New York Insurance Law § 3212(b)(2). This court ruled that $603,097.60 constituted exempt insurance proceeds, and that the balance was not exempt. Even if all the proceeds qualified as exempt, defendant could not use the debtor's exemption claim as a defense to the trustee's action to recover a voidable preference. This court has held in this case that the debtor is entitled to claim her exemption as of November 15, 1991, the date of the commencement of the bankruptcy case, because that is the controlling date for defining the exemption. *Rundlett,* 142 B.R. at 657. When the debtor made the prepetition $130,000.00 payment to the defendant in September of 1991, she paid with funds that had not yet been claimed to be exempt. When a debtor chooses to transfer exemptible property to a creditor, the debtor is deemed to have chosen not to claim that property as exempt. *In re Richards,* 92 B.R. 369, 372 (Bankr.N.D.Ind.1988).

■ The argument that a debtor's prepetition payment to a creditor of exemptible property does not diminish the estate puts the cart before the horse. Under the Bankruptcy Code, exemptible property is property of the estate within the meaning of 11 U.S.C. § 541 until the debtor asserts successfully the right to the exemption.

Pursuant to Code § 541, all property of the debtor becomes property of the estate upon the filing of a petition for relief; even property needed for a fresh start, thereby overruling *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903) and *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). After the property comes into the estate, Code § 522(b) provides that notwithstanding § 541, an individual debtor may exempt certain property from the estate. The Bankruptcy Court would then have to determine what property may be exempted and what remains as property of the estate. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 368, U.S.Code Cong. & Admin.News 1978, p. 5787. *In re Upright,* 1 B.R. 694, 702 (Bankr. N.D.N.Y.1979). *See In re Weis,* 92 B.R. 816, 820–2 (Bankr.W.D.Wis.1988).

■ The district court in *In re Owens,* 104 B.R. 929 (C.D.Ill.1989), concluded that the bankruptcy court erred in applying the "diminution of the estate" doctrine when it held that transfers involving exempt property could not be avoided by the trustee as preferences. The district court said that contrary to the bankruptcy court's conclusion, the estate would benefit were the trustee to succeed in avoiding the debtor's transfer of the exemptible funds. *Id.* at 952. Moreover, the opportunity to claim exemptions is personal to the debtor and is not available to a creditor as a defense to a preference action. *In re Wickstrom,* 113 B.R. 339, 349 (Bankr.W.D.Mich.1990); *Richards,* 92 B.R. at 372.

### Amendment of the Answer

The proposed amendment of the answer will be allowed because leave to amend an answer "shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a). However, even if the answer is amended as proposed by defendant, there are no genuine issues as to material facts which would bar the trustee's motion for summary judgment. The pleadings and admitted documents reveal that the debtor transferred $130,000.00 to the defendant in September of 1991, which were funds in which the debtor had an interest; that the

defendant was a creditor of the debtor; that such transfer was on account of an antecedent debt owed by the debtor before such transfer; that the transfer was made when the debtor was insolvent and made on or within 90 days before the date of the filing of the bankruptcy petition; and that such transfer enabled the defendant to receive more than she would receive in a Chapter 7 liquidation of this case.

### Stay

█ Defendant seeks a stay pending the appeal of this court's determination that the debtor's claimed New York insurance exemption is limited to the sum of $603,-097.60. The stay is not warranted for several reasons. First, the defendant is not a party to that appeal; the claimed exemption is personal to the debtor. *Wickstrom,* 113 B.R. at 349; *Richards,* 92 B.R. at 372. Second, there was no evidence offered to show that the defendant would suffer irreparable injury in the absence of a stay. Third, there was no showing that the debtor would likely prevail in her appeal.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F).

2. The trustee has established by a preponderance of the evidence all of the essential elements of a voidable preference as delineated in 11 U.S.C. § 547(b).

3. The trustee is entitled to recover from the defendant the $130,000.00 which the debtor transferred to the defendant in September of 1991 as a voidable preference pursuant to 11 U.S.C. § 547(b).

4. The defendant's motion to dismiss the complaint is denied.

5. The defendant's motion for a stay pending appeal is denied.

SETTLE ORDER on notice in accordance with the foregoing.